T.C. Memo. 2005-33

UNITED STATES TAX COURT


MARIA RIVERA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7394-03.                    Filed February 24, 2005.


Maria Rivera, pro se.

<u>John W. Strate</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined that petitioner
qualifies for relief from joint and several liability pursuant to
section 6015(c) for 1988 and 1989.[1]  After concessions, the issue

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

for decision is whether petitioner is entitled to a refund of her 1998, 1999, and 2001 overpayments.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed the petition, petitioner resided in California.

Petitioner filed joint income tax returns with Ricardo Rivera for 1988 and 1989. By 2001, the balances due for 1988 and 1989 were more than $24,000 and $32,000, respectively.

On December 4, 1990, petitioner and Mr. Rivera divorced.

On April 15, 1999, respondent offset petitioner's income tax refund for 1998 in the amount of $657 against petitioner's income tax liability for 1988.

On April 15, 2000, respondent offset petitioner's income tax refund for 1999 in the amount of $872 against petitioner's income tax liability for 1988.

---

[2] Respondent concedes that, subject to sec. 6402, he will refund petitioner $753 and $300 related to her 2000 tax year that respondent offset against petitioner's tax liability for 1988 on Mar. 12, 2001, and Sept. 17, 2001, respectively. Respondent based this concession on his administrative practice/policy of refraining from offsetting overpayments during the pendency of a sec. 6015 relief request. Apart from accepting respondent's concession, we make no findings regarding the refund of these amounts.

On October 2, 2000, petitioner submitted to respondent a Form 8857, Request for Innocent Spouse Relief. Petitioner requested relief for 1988 and 1989.

On August 24, 2001, respondent issued petitioner a final notice in which respondent determined that petitioner was entitled to section 6015(c) relief for 1988 and 1989. Petitioner's liability for the 1988 and 1989 tax years was reduced to zero; i.e., she was relieved of the entire tax liability, including penalties and interest, for 1988 and 1989.

On April 8, 2002, respondent offset petitioner's income tax refund for 2001 in the amount of $797 and transferred it to another agency to satisfy her delinquent child support obligation which totaled approximately $10,000.

OPINION

Petitioner does not dispute respondent's determination that she is entitled to relief pursuant to section 6015(c). She argues that, in light of respondent's granting section 6015 relief, she is entitled to a refund of her overpayments.

Respondent concedes that petitioner made a timely claim for refund. Respondent contends, however, that section 6015(g) prohibits any refund in this case.

Section 6015(g)(3) provides that "No credit or refund shall be allowed as a result of an election under subsection (c)." Accordingly, because petitioner was granted relief pursuant to

section 6015(c), petitioner is not entitled to a refund of her income tax refund of $657 for 1998 or $872 for 1999.  Sec. 6015(g)(1), (3).

Petitioner also requested a refund of her 2001 overpayment. Respondent did not apply this payment toward the 1988 or 1989 tax liability.  Respondent transferred it to another agency to satisfy her delinquent child support obligation.

Section 6015(g)(1) applies to credits or refunds only to the extent attributable to the application of section 6015. Petitioner's delinquent child support obligation, and respondent's transfer of petitioner's overpayment to another agency, is unrelated to the application of section 6015.  See sec. 6402(c).  Accordingly, section 6015(g) is inapplicable to petitioner's 2001 overpayment.

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.  To reflect the foregoing,

Decision will be entered under Rule 155.